# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN WAYNE BROOKS,

    Defendant.

No. CR23-53-LTS-MAR

**ORDER ON REPORT AND RECOMMENDATION**

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Mark A. Roberts, United States Magistrate Judge, recommends that I deny John Wayne Brooks' motion (Doc. 28) to dismiss the indictment pursuant to *Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See* Doc. 33. Brooks has filed objections (Doc. 34).

## I.    BACKGROUND

On July 12, 2023, the grand jury returned an indictment (Doc. 3) against Brooks alleging one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9) and 924(a)(2). The charge is based on a 1999 felony drug conviction and a 1991 misdemeanor domestic violence conviction, both out of Illinois. On September 8, 2023, Brooks filed a motion (Doc. 28) to dismiss the indictment based on *Bruen* and the lack of an historical tradition of firearm regulation for felons and domestic misdemeanants. The Government filed a resistance (Doc. 32). Judge Roberts issued his R&R (Doc. 33) on October 4, 2023. Trial is scheduled for December 18, 2023.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

2

### III. THE R&R

Judge Roberts addressed Brooks' arguments that 18 U.S.C. §§ 922(g)(1) and (9) are facially unconstitutional or unconstitutional as applied to him under *Bruen*. *Bruen* held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" and that the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129-30. With regard to his as-applied challenge to § 922(g)(1), Judge Roberts found *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) to be binding. In *Jackson*, the court stated that based on the assurances in *Heller*, *McDonald* and *Bruen*, and the history that supports them, "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Jackson*, 69 F.4th at 502. The court rejected Jackson's as-applied challenge stating that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." *Id.* at 501-02, 505-06.

Judge Roberts reasoned that *Jackson* also implicitly precludes any facial challenge to § 922(g)(1) under *Bruen* because it concluded Congress acted in the "historical tradition" when it prohibited possession of firearms by any felon "[w]hether those actions are best characterized as restrictions on person who deviated from legal norms or persons who presented an unacceptable risk of dangerousness." *Id.* at 505. As such, Judge Roberts recommends that both Brooks' as-applied and facial challenges be denied under *Jackson*.[1]

With regard to § 922(a)(9), Judge Roberts concluded that Brooks' facial challenge fails pursuant to *United States v. Bena*, 664 F.3d 1180, 1182 (8th Cir. 2011), in which the court upheld a facial challenge to § 922(g)(8). *See also United States v. Hammond*,

---

[1] Judge Roberts also discussed whether any pre-*Bruen* Eighth Circuit precedent survived *Jackson* and reasoned that Brooks' facial challenge to § 922(g)(1) could also be denied based on pre-*Bruen* precedent. *See* Doc. 33 at 7-11.

No. 4:22-cr00177, 2023 WL 2319321, at *2 (S.D. Iowa Feb. 15, 2023) (concluding that a facial challenge to § 922(g)(9) must fail under *Bena*). Even if analyzed under the *Bruen* factors, Judge Roberts recommends reaching the same conclusion.

With regard to the first *Bruen* factor – whether the Second Amendment's plain text cover the conduct at issue – Judge Roberts explained there is a lack of consensus among courts regarding how to define the conduct at issue and how to determine if the person in question is part of "the people." Doc. 33 at 12. The conduct in this case does not present an issue as it involves a person possessing a .22 caliber rifle and the mere possession of a firearm is covered by the plain text of the Second Amendment. *Id.* at 13. He then addressed the Government's argument that persons who have been convicted of a misdemeanor crime of domestic violence, and thus are not law-abiding, are read out of the definition of "the people" referenced in the Second Amendment. Judge Williams has previously rejected this argument in *United States v. Bernard*, No. 22-CR-03, 2022 WL 17416681, at *7 (N.D. Iowa Dec. 5, 2022). He reasoned the Second Amendment does not qualify who may possess firearms, but rather uses the word "people" and therefore, the plain reading of the Second Amendment covers the defendant who is a person under the Constitution. *Id.*

Judge Roberts recommends adopting this analysis, finding that the conduct is protected by the Second Amendment and that the plain reading of the Second Amendment covers defendant. As identified in *Bernard*, the non-law-abiding aspect affects the ability of Congress to regulate that person's possession of firearms under the Second Amendment. As to that issue and *Bruen*'s second prong of whether § 922(g)(9) is consistent with the Nation's historical tradition of firearm regulation, Judge Roberts recommends following *Bernard*'s analysis that domestic misdemeanants are "relatively similar to felons" and can be "denied weapons for the same reasons" as there is an historical emphasis on prohibiting violent people from possessing firearms. *Id.* at *8 (citing Joseph Blocher, *Domestic Violence and the Home-Centric Second Amendment*, 27 Duke J. Gender L. & Pol'y 45, 56 (2020) and *Kanter v. Barr*, 919 F.3d 437, 454, 456-

4

58 (7th Cir. 2019) (Barrett, J., dissenting)). As such, he recommends denying Brooks' facial challenge to § 922(g)(9).

With regard to Brooks' as-applied challenge to § 922(g)(9), Judge Roberts noted that *Jackson* may dispose of Brooks' as-applied challenge but recommends holding this issue in abeyance until after trial. *See United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (concluding a defendant's as-applied challenge should "not be ruled upon without a 'trial on the merits.'"). Specifically, Judge Roberts recommends withholding ruling at this time based on Brooks' argument that the records provided by the Government do not make it clear whether Brooks was convicted of domestic battery or non-domestic battery and that his only other criminal history involves a 1991 Illinois conviction for battery. Doc. 33 at 15 (citing Doc. 28-1 at 14). As such, he argues the misdemeanors do not suggest that he would have been grouped with those deemed "dangerous" at the time of adoption of the Second Amendment. *Id.* In sum, Judge Roberts recommends denying Brooks' motion to dismiss the indictment as facially unconstitutional as to both §§ 922(g)(1) and 922(g)(9). He also recommends denying his as-applied challenge to § 922(g)(1) and hold in abeyance his as-applied challenge to § 922(g)(9) until trial.

## IV. DISCUSSION

Brooks objects to the following conclusions of the R&R: (1) that *Jackson* implicitly precludes any facial challenge to § 922(g)(1) such that Brooks' facial challenge to § 922(g)(1) should be dismissed on those grounds, (2) that his as-applied challenge to § 922(g)(1) should be denied, and (3) that § 922(g)(9) is consistent with the Nation's traditional regulation of possession of firearms and that his facial challenge should be denied. I will address each of these in turn.

### A. Facial Challenge to § 922(g)(1)

Brooks correctly notes that *Jackson* addressed only the defendant's as-applied challenge and did not explain how the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment as required by *Bruen*'s first prong. *See Jackson*, 69 F.4th at 501. Brooks argues that he is part of "the people" protected by the Second Amendment and that § 922(g)(1) encompasses conduct protected by the Second Amendment, leaving the only issue left to determine is whether the Government has met its burden of showing that § 922(g)(1) is consistent with our Nation's historical tradition of firearm regulation. Brooks relies on *Range v. Attorney General*, 69 F.4th 96, 103 (3d. Cir. 2023), and argues the Eighth Circuit's conclusion in *Jackson* that such an historical analogue exists is incorrect. Doc. 34 at 2. Specifically, Brooks argues that any historical analogues focused on violent criminals or status-based prohibitions that apply to large groups of people are "far too broad." *Range*, 69 F.4th at 105. As such, he argues I should grant his motion as to the facial challenge to § 922(g)(1).

*Range* concerned a challenge to § 922(g)(1) based on an underlying conviction of making a false statement to obtain food stamps in violation of Pennsylvania law. *Range*, 69 F.4th at 98. Range argued that § 922(g)(1) violated the Second Amendment as applied to him based on his underlying conviction. Beginning with the question of whether Range was one of "the people" who have Second Amendment rights the court rejected the Government's argument that that phrase refers only to "law-abiding, responsible citizens." *Id.* at 103. It concluded Range remained among "the people" protected by the Second Amendment despite his false statement conviction. *Id.* It also concluded that § 922(g)(1) regulates Second Amendment conduct. *Id.*

At *Bruen*'s second step, the court considered whether the Government had justified applying § 922(g)(1) to Range by "demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* The court declined to find that the 1961 Act making it illegal for felons to possess firearms was sufficient to meet the Government's burden. *Id.* at 104. It rejected an argument that legislatures traditionally

6

used status-based restrictions to disarm certain group of people as being far too broad. *Id.* at 105. The court also rejected the Government's argument that founding-era felons were exposed to far more severe consequences than disarmament, noting that an attempt to analogize those early laws to Range's situation fell short because it did not show that the punishment at issue – lifetime disarmament – is rooted in our Nation's history and tradition. *Id.* Finally, the court declined to follow pre-*Bruen* case law cited by the Government. *Id.* at 106. The Third Circuit concluded the Government had not met its burden of showing that the Nation has a longstanding history and tradition of depriving people like Range of firearms and thus, § 922(g)(1), as applied to Range, violated his Second Amendment rights. *Id.*

Brooks relies on *Range* for his facial challenge to § 922(g)(1), arguing there is no historical support to justify the disarmament of all felons. In *Jackson*, the court concluded that § 922(g)(1) is constitutional as applied to Jackson "and other convicted felons" because the law "is consistent with the Nation's historical tradition of firearm regulation." *Jackson*, 69 F.4th at 502. It based this conclusion on an analysis that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms." *Id.* at 505. It stated: "Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." *Id.* at 505. It also found this conclusion to be consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons. *Id.* at 505-06. Based on these assurances, and the history that supports them, the Eighth Circuit concluded "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.* at 502.

The Eighth Circuit and Third Circuit clearly disagree on whether status-based prohibitions are too broad to constitute an historical tradition of firearm regulation for

7

purposes of § 922(g)(1). The Tenth Circuit, like the Eighth Circuit, recognizes the constitutionality of the federal ban for *any* convicted felon's possession of a firearm. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (citing *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)) (emphasis in original). *Vincent* concerned a nonviolent predicate felony. *Id.* at 1199. The court reasoned that *Bruen* did not overrule the Tenth Circuit's prior precedent and that the district court was obligated to follow *McCane*. *Id.* at 1200-01. In *McCane*, the court rejected the notion that *Heller* mandated an individualized inquiry concerning felons pursuant to § 922(g)(1) and upheld the constitutionality of the federal ban for any convicted felon's possession of a firearm. *Id.* at 1202. Other cases are still making their way through the appellate courts.[2]

Because the Eighth Circuit has decided this issue, I am bound to follow that precedent. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts are "bound . . . to apply the precedent of [the Eighth] Circuit."). While *Jackson* involved an as-applied challenge and this objection concerns a facial challenge, I am not convinced that the Eighth Circuit's reasoning would be any different given that it found § 922(g)(1) was constitutional as applied to Jackson "and other convicted felons" and stated there "is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Jackson*, 69 F.4th at 502. As such, Brooks' objection to this part of the R&R is overruled.

**B.     *As-Applied Challenge to § 922(g)(1)***

With regard to his as-applied challenge, Brooks argues that his drug felony from 24 years ago was a nonviolent offense and nothing about that conviction suggests he is a

---

[2] Notably, the Supreme Court has granted certiorari and recently heard oral argument on the issue of whether 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by persons subject to domestic-violence restraining orders, violates the Second Amendment on its face, which will perhaps provide guidance as to other subsections under § 922(g). *See United States v. Rahimi*, 143 S. Ct. 2688 (2023).

dangerous person. He argues that these facts distinguish his circumstances from those of persons historically barred from Second Amendment protections. Again, he asserts that *Jackson* was wrongly decided and cites Judge Stras' dissent from the denial of a petition for rehearing en banc in that decision:

> Disarmament is about dangerousness, not virtue. We know that because colonial and post-ratification guns laws targeted rebellion and insurrection, not criminality. There have always been criminals, but there is no suggestion in any 'historical analogue' that criminality alone, unaccompanied by dangerousness, was reason enough to disarm someone. *Bruen*, 142 S. Ct. at 2133 (emphasis omitted). And history certainly does not support *Jackson*'s unbending ruling that felons can *never* win an as-applied challenge, no matter how non-violent their crimes may be or how long ago they happened.

*United States v. Jackson*, No. 22-2870, 2023 WL 5605618, at *7 (8th Cir. Aug. 30, 2023) (Stras, J., dissenting).

Regardless of any persuasiveness of Brooks' arguments, *Jackson* remains binding precedent that I must follow. Indeed, *Jackson* is even more applicable to an as-applied challenge to § 922(g)(1). For the same reasons set forth above, Brooks' as-applied challenge fails under *Jackson*. This objection to the R&R is overruled.

### C. Facial Challenge to § 922(g)(9)

Finally, Brooks objects to conclusions in the R&R that § 922(g)(9) is consistent with the Nation's traditional regulation of firearm possession and that his facial challenge to § 922(g)(9) should be denied. Brooks takes no issue with the part of the R&R recognizing that Brooks is part of "the people" and that the "mere possession of a firearm is covered by the plain text of the Second Amendment." Doc. 33 at 13. He does, however, challenge the conclusion that there is an historical analogue for § 922(g)(9) in that domestic violence misdemeanants are "relatively similar to felons." *Id.* at 14 (citing *United States v. Bernard*, No. 22-CR-03, 2022 WL 17416681, at *7 (N.D. Iowa Dec. 5, 2022)). Brooks notes that in *Bernard*, Judge Williams recognized that "legal scholars

9

have found little historic evidence of legislation regulating firearm possession due to domestic violence." *Bernard*, 2022 WL 17416681, at *7. The context in which Judge Williams made that remark was that "federal law prohibiting domestic violence misdemeanants from possessing firearms is of relatively recent origin and historic treatment of domestic violence has evolved greatly since 1791" so it was not surprising to find a lack of historic evidence on the topic. *Id.* Brooks notes that this lack of an historical analogue is problematic because, under *Bruen*, the Government has the burden of showing that § 922(g)(9) is consistent with the Nation's historical tradition of firearm regulation.

In recommending denial of Brooks' facial challenge to § 922(g)(9), Judge Roberts primarily relied on *United States v. Bena*, 664 F.3d 1180, 1182 (8th Cir. 2011), in which the Eighth Circuit upheld § 922(g)(8), which prohibits the possession of firearms by a person subject to a domestic violence restraining order. *Bena* concluded there was "a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Bena*, 665 F.3d at 1183. Judge Roberts also relied on *United States v. Hammond*, No. 4:22-cr-00177, 2023 WL 2319321, at *2 (S.D. Iowa Feb. 15, 2023), in which the court reasoned that if *Bena* is good law, a facial challenge to § 922(g)(9) must also fail.

Judge Roberts reached the same conclusion under an analysis of the *Bruen* factors. After concluding that the conduct at issue was covered by the Second Amendment and that Brooks is part of "the people" referenced under the Second Amendment, he recommends that I follow the analysis in *Bernard* that domestic misdemeanants may be denied weapons for the same reasons that apply to felons and because historical evidence supports prohibiting violent people from possessing firearms. *See* Doc. 33 at 14.

Multiple district courts have rejected post-*Bruen* facial challenges to the constitutionality of § 922(g)(9). *See United States v. Nutter*, 624 F. Supp. 3d 636, 639-45 (S.D.W.V. 2022); *United States v. Donahue*, Criminal No. 2:22-CR-00128-1, 2023 WL 4372706, at *3-4 (S.D. Tex. July 5, 2023); *United States v. Hughes*, No. 2:22-cr-

10

00640, 2023 WL 4205226, at *4-12 (D.S.C. June 27, 2023); *United States v. Ryno*, Case No. 3:22-cr-00045, 2023 WL 3736420, at *14-16 (D. Ak. May 31, 2023); *United States v. Farley*, No. 22-cr-30022, 2023 WL 1825066, at *3 (C.D. Ill. Feb. 8, 2023); *United States v. Jackson*, 622 F. Supp. 3d 1063, 1067 (W.D. Okla. 2022). Similar to *Bernard*, these cases rely on historical evidence of gun regulation for persons deemed to be violent or "dangerous." In *Donahue*, the court recognized that the Fifth Circuit in *Rahimi* rejected the analogy of dangerousness laws to § 922(g)(8), holding that such laws were not "relevantly similar." *Donahue*, 2023 WL 4372706, at *4 (quoting *United States v. Rahimi*, 61 F.4th 443, 451-53 (5th Cir. 2023), *cert. granted sub nom.*, 143 S. Ct. 2688 (2023)). It distinguished § 922(g)(9) as this section disarms individuals after a criminal proceeding. *Id.* This had been significant to the *Rahimi* court, which noted "criminal proceedings have afforded the accused substantial protections throughout our Nation's history" and it is "significant that § 922(g)(8) works to eliminate the Second Amendment right of individuals subject merely to civil process." *Id.* (quoting *Rahimi*, 61 F.4th at 455 n.7). The *Donahue* court made further distinctions including that § 922(g)(8) disarms people based on "a finding of a credible threat," *Rahimi*, 61 F.4th at 455, whereas § 922(g)(9) disarms by class or group. Additionally, § 922(g)(8) disarms an individual for "the protection of an identified person from the threat of 'domestic gun abuse,'" *Rahimi*, 61 F.4th at 457 (internal quotation marks and citation omitted), whereas § 922(g)(9) disarms a class or group of people to maintain political and social order. *Donahue*, 2023 WL 4372706 at *4. As such, the *Donahue* court concluded that § 922(g)(9) is similar to dangerousness laws.

With regard to Judge Roberts' first reason for recommending denial of this facial challenge, I agree with his reliance on *Hammond* for the proposition that *Bruen* did not undermine the core holding of *Bena* with regard to a constitutional challenge to § 922(g)(8). *See Hammond*, 2023 WL 2319321, at *2-4. As the *Hammond* court noted, and consistent with the reasoning in *Donahue*, the constitutionality of § 922(g)(9) is easier to defend based on the protections available in criminal proceedings that are not present

11

in civil proceedings resulting in protective orders. Brooks fails to challenge this aspect of the R&R in his objections and I find no clear error with regard to Judge Roberts' recommendation that Brooks' facial challenge to § 922(g)(9) be denied on this basis.

With regard to a *Bruen* analysis, Brooks challenges only the second part of whether the Government has met its burden of demonstrating that § 922(g)(9) is consistent with the Nation's historical tradition of firearm regulation. I agree with the cases cited above holding that § 922(g)(9) survives a facial challenge after *Bruen* based on historical evidence to regulate gun ownership by persons deemed to be "dangerous" or that domestic violence misdemeanants can be viewed as sufficiently similar to felons to permit prohibition for the same reasons. *See, e.g.*, *Bernard*, 2022 WL 17416681 at *7 ("Prohibiting violent criminals from possessing firearms, such as those who have been convicted of a misdemeanor crime of domestic violence, is consistent with and analogous to prohibiting felons from possessing firearms); *Nutter*, 624 F. Supp. 3d at 644 ("The prohibition of possession of firearms by domestic violence misdemeanants, and other groups identified as dangerous, is supported by history."); *Donahue*, 2023 WL 437276, at *3 (drawing analogy between § 922(g)(9) and founding-era legislation that disarmed people who were deemed dangerous); *Hughes*, 2023 WL 4205226, at *10-12 (noting that *Bruen* counsels the court to construe the "societal problem" broadly and finding analogous penalties to § 922(g)(9) that evidence of intent at the founding to govern perceived bad behavior by domestic abusers); *Ryno*, 2023 WL 3736420, at *6-7 (relying on proposed language from state ratification conventions, historical treatment of dangerous persons and felons and historical use of surety for preventative firearm misuse as informative on issue of whether § 922(g)(9) is consistent with Nation's tradition of firearm regulation).

Much of this same historical evidence has been cited by the Government in this case, *see* Doc. 32 at 17-23, and notably, *Bruen* acknowledged that "analogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*. *Bruen*, 142 S. Ct. at 2133. For these reasons, I find that

12

Case 1:23-cr-00053-LTS-MAR Document 39 Filed 11/15/23 Page 12 of 13

Brooks' facial challenge[3] to § 922(g)(9) also fails under *Bruen*'s test. This objection is overruled.

## V. CONCLUSION

For the reasons stated herein:

1. Brooks' objections (Doc. 34) to the Report and Recommendation (Doc. 33) are **overruled**.

2. I **accept** the Report and Recommendation **without modification**.

3. In accordance with the Report and Recommendation, Brooks' motion (Doc. 28) to dismiss the indictment is **denied** except with regard to his as-applied challenge to § 922(g)(9). That issue will be held in abeyance until trial.

**IT IS SO ORDERED.**

**DATED** this 15th day of November, 2023.

_____
Leonard T. Strand, Chief Judge

---

[3] Neither Brooks nor the Government objects to the R&R's recommendation to hold in abeyance Brooks' as-applied challenge to 18 U.S.C. § 922(g)(9) until trial. I have reviewed that part of the R&R for clear error and agree with Judge Roberts' recommendation.